

**JUDGE GRADY**
**MAGISTRATE JUDGE ASHMAN**

**FILED**
**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1388**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TARNELL WILLIAMS, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KDW WESTERN, LLC, WINBUSH MANAGEMENT INC., and DARRYL WINBUSH<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  COLLECTIVE ACTION<br>)  COMPLAINT (JURY TRIAL<br>)  DEMANDED)<br>)<br>)  **LCW**<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, TARNELL WILLIAMS, individually and on behalf of all other similarly situated employees of Defendants who are or were Managers, General Managers or other similarly titled employees ("GM's"), by and through their counsel of record, bring their claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Defendants, and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

### JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The representative Plaintiff has signed an opt-in consent form to join this lawsuit (See Exhibit A).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants reside in this District and conduct business within it. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

**PARTIES**

4. Plaintiff Tarnell Williams is a resident of Chicago, Illinois and worked as a Manager/General Manager at the McDonald's restaurant owned and operated by Defendants located at Western Avenue and 65th Street, Chicago, Illinois during the applicable statute of limitations period.

5. Plaintiff Tarnell Williams brings this case on behalf of himself and other employees, as defined by 29 U.S.C. §201, sec. 3(e), who currently work, or who worked as a Manager or other similarly titled position at any time during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), at any McDonald's restaurant, whether owned and/or operated directly by one or more of the Defendants or through one of its subsidiaries.

6. Defendant, KDW WESTERN, LLC, owns and/or operates a McDonald's restaurant located at 65th Street and Western, Chicago, Illinois and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

7. Defendant, WINBUSH MANAGEMENT, INC., owns and/or operates four McDonald's restaurants located in the Chicago land area and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

8. Defendant, DARRYL WINBUSH, is involved in the day to day business operation of WINBUSH MANAGEMENT, INC., and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. As such, this individual is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

## FACTUAL BACKGROUND

9. Class Representative, Tarnell Williams, was hired by the Defendants on October 21, 2007 when he began working for Defendants. Tarnell Williams was misclassified as an exempt employee and paid $400.00 per week regardless of his actual hours worked.

10. Plaintiffs are current or former Managers, General Managers or other similarly titled employees who were employed by Defendants at one of its restaurants during the Violation Period. Plaintiffs all shared similar job titles, compensation plans, job descriptions and job requirements.

11. Defendants managed Plaintiffs' work, including the amount of hours worked, in its restaurants. The Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

12. Pursuant to its policies and practices, Defendants misclassified its Managers/General Managers as exempt under the FLSA and paid them a weekly rate that failed to meet the minimum guaranteed salary amount required by the FLSA for an employee to properly be classified as exempt.

13. Plaintiffs were typically scheduled by the Defendant to work approximately 40 hours per week, but regularly worked additional hours, including overtime hours in excess of 40 hours per week.

14. Defendants failed to accurately record actual hours worked by its General Managers as required by the FLSA, 29 C.F.R. §516.2(a)(7).

15. Defendants also had a practice of making improper deductions from Plaintiffs' compensation. Defendants routinely deducted money from Plaintiffs' compensation to pay for uniforms, business expenses and for personal loans allegedly made by Defendants to Plaintiffs.

16. Such deductions (a) were not required by law; (b) were not to Plaintiffs' benefit; (c) were not in response to a valid wage assignment or wage deduction order; and, (d) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

17. Defendants knew and were aware at all times that its Manager/GM's were misclassified as exempt and routinely worked more than their scheduled shifts and often times more than 40 hours per week. Nonetheless, Defendants failed to properly pay its Managers/GM's for overtime hours actually worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* As a result of Defendants' unlawful practice, Plaintiffs and those similarly situated suffered a loss of wages.

## FLSA COLLECTIVE ACTION ALLEGATONS

18. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages,

unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

19. The proposed collective class of similarly situated persons is defined as:

> All current and/or former "Manager/General Managers" or other similarly titled employee employed by Defendants at one or more of their McDonald's restaurants during the Violation Period.

20. This action is properly maintained as a collective action because the named Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

21. Defendants encouraged, suffered and permitted named Plaintiff and the collective class to work more than forty (40) hours per week without overtime compensation.

22. Defendants knew that named Plaintiff and the collective class performed work that required overtime compensation. Nonetheless, Defendants operated under a scheme, as described above, to deprive named Plaintiff and the collective class of overtime compensation.

23. Defendants' conduct, as alleged herein, was willful and has caused significant damage to named Plaintiff and the collective class.

24. Defendants are liable under the FLSA for failing to properly compensate named Plaintiff and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

25. Plaintiffs estimate that there are approximately 15-20 members of the collective class. The precise number of collective class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' restaurants.

## COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiffs incorporate by reference all preceding paragraphs.

27. Named Plaintiff and other Managers/General Managers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

28. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

29. Named Plaintiff and other Managers/GM's regularly worked more than forty hours each week but were not paid overtime wages in violation of the FLSA.

30. Through its actions, policies and practices, Defendants violated the FLSA by regularly and repeatedly failing to compensate named Plaintiff and similarly situated individuals for all actual hours worked.

31. Defendants also willfully failed to pay overtime pay and other benefits to named Plaintiff and other Managers/General Managers by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

32. The foregoing actions of Defendants violated the FLSA.

33. Defendants' actions were willful and not in good faith.

34. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

35. Defendants are liable to Plaintiffs and other members of the collective class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

36. Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff and the collective class demand that the Court enter judgment in their favor on this Complaint and:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Managers/General Managers employed by Defendants who currently work or have worked for Defendants within the last three years;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former Managers/General Managers employed by the Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C. Certify a collective class of individuals who were employed by Defendants as Managers/General Managers at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay;

D. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

   ii. Willfully violated overtime provisions of the FLSA;

E.   Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F.   Award interest on all overtime compensation due accruing from the date such amounts were due;

G.   Award liquidated damages on all overtime compensation due accruing from the date such amounts were due;

H.   Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I.   Grant leave to amend to add claims under applicable state and federal laws;

J.   Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K.   For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: March, 7th, 2008

Respectfully Submitted,

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601
(312) 233-1550
(312) 233-1560 f
rstephan@stephanzouras.com

The Law Offices of Josh Friedman
120 South State St.
Suite 200
Chicago, IL 60603

8

(312) 727-0999
(312) 399-1139 (cell)
(312) 277-3435 (fax)
josh@friedmanfirm.com

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
205 N. Michigan Ave., Suite 2560
Tel: 312-233-1553
Cell: 312-545-9096
Fax: 312-233-1560
Email: tom@tomryanlaw.com

9