**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| TARNELL WILLIAMS, Individually, and<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KDW WESTERN, LLC, WINBUSH<br>MANAGEMENT INC., and DARRYL<br>WINBUSH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 08 C 1388<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants KDW Western, LLC, Winbush Management, Inc.[1] and Darrell

Winbush, improperly named in the Complaint as Darryl Winbush (collectively, "Defendants")

by and through their attorneys, Jackson Lewis LLP, answer Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

**ALLEGATION NO. 1:**

This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C.
§216(b), which provides that suit under the FLSA "may be maintained against any employer . . .
in any Federal or State court of competent jurisdiction."  The representative Plaintiff has signed
an opt-in-consent form to join this lawsuit (See Exhibit A).

**ANSWER:**

Defendants admit that this Court has subject-matter jurisdiction over this action

pursuant to 29 U.S.C. § 216(b).  To the extent that this allegation gives rise to any inference that

Defendants violated the FLSA, that Plaintiff is entitled to any relief under the FLSA, that

---

[1] Winbush Management, Inc. is not a proper defendant in this case.  Winbush Management, Inc. does not own
and/or operate any of the four relevant McDonalds restaurants located in the Chicago area.  Defendants further
object to each and every use of the term "Defendants" in Plaintiff's Complaint to the extent that the term
"Defendants" refers to Winbush Management, Inc.

Plaintiff or potential opt-in Plaintiffs are similarly situated or that an opt-in collective action is appropriate, such inferences are denied. Upon information and belief, Defendants admit that the representative Plaintiff has signed an opt-in consent form.

**ALLEGATION NO. 2:**

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

**ANSWER:**

Defendants admit the allegation in paragraph 2.

**ALLEGATION NO. 3:**

Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants reside in this District and conduct business within it. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

**ANSWER:**

Defendants admit that venue is proper in this district. To the extent the recitation of the purported basis for venue implies that the Northern District of Illinois is the proper forum to litigate the claims of all four stores about which allegations are made, such inference is denied. To the extent the recitation of the purported basis for venue gives rise to any inference Defendants engaged in any unlawful conduct toward Plaintiff or the putative opt-in class members or that they are entitled to any remedy or relief from Defendants, such inference is denied.

## PARTIES

**ALLEGATION NO. 4:**

Plaintiff Tarnell Williams is a resident of Chicago, Illinois and worked as a Manager/General Manager at the McDonald's restaurant owned and operated by Defendants located at Western Avenue and 65th Street, Chicago, Illinois during the applicable statute of limitations period.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff is a resident of Chicago, Illinois. Defendants deny the remaining allegations of paragraph 4 of the Complaint.

**ALLEGATION NO. 5:**

Plaintiff Tarnell Williams brings this case on behalf of himself and other employees, as defined by 29 U.S.C. §201 sec. 3(e), who currently work, or who worked as a Manager or other similarly titled position at any time during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), at any McDonald's restaurant, whether owned and/or operated directly by one or more of the Defendants or through one of its subsidiaries.

**ANSWER:**

Defendants admit that Plaintiff attempts to bring this case on behalf of himself and other employees, as defined by 29 U.S.C. § 201, sec. 3(e), but denies that such collective treatment is appropriate.

**ALLEGATION NO. 6:**

Defendant, KDW WESTERN, LLC, owns and/or operates a McDonald's restaurant located at 65th Street and Western, Chicago, Illinois and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

**ANSWER:**

Defendants admit that KDW Western, LLC, owns and/or operates a McDonald's restaurant located at 65th Street and Western, Chicago, Illinois. The remaining allegation in paragraph 6 sets forth a legal conclusion to which no response is required.

**ALLEGATION NO. 7:**

Defendant, WINBUSH MANAGEMENT, INC., owns and/or operates four McDonald's restaurants located in the Chicago land area and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

**ANSWER:**

      Defendants deny the allegations in paragraph 7.

**ALLEGATION NO. 8:**

      Defendant, DARRYL WINBUSH, is involved in the day to day business operation of WINBUSH MANAGEMENT, INC., and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  As such, this individual is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

**ANSWER:**

      Defendants admit that Defendant, Darrell Winbush, improperly named in the

Complaint as Darryl Winbush, is involved in the day to business operation of Winbush

Management, Inc., and that Darrell Winbush has the authority to hire and fire employees of

Winbush Management, Inc., the authority to direct and supervise the work of employees of

Winbush Management, Inc., the authority to sign on the corporations checking accounts,

including payroll accounts of Winbush Management, Inc., and the authority to make decisions

regarding employees compensation and capital expenditures of Winbush Management, Inc.  The

remaining allegations of paragraph 8 set forth a legal conclusion to which no response is

required.

## FACTUAL BACKGROUND

**ALLEGATION NO. 9:**

      Class Representative, Tarnell Williams, was hired by the Defendants on October 21, 2007 when he began working for Defendants.  Tarnell Williams was misclassified as an exempt employee and paid $400.00 per week regarding of his actual hours worked.

**ANSWER:**

      Defendants admit that Plaintiff was hired by KDW WESTERN, LLC on October

21, 2007.  Plaintiff was hired as Manager-in-Training and paid $400.00 per week.  The

remainder of the allegations in paragraph 9 set forth legal conclusions to which no response is required.

## ALLEGATION NO. 10:

Plaintiffs are current or former Manager, General Managers or other similarly titled employees who were employed by Defendants at one of its restaurants during the Violation Period. Plaintiffs all shared similar job titles, compensation plans, job descriptions and job requirements.

## ANSWER:

Defendants deny the allegations of paragraph 10 of the Complaint. Defendants further deny that there are "Plaintiffs" rather than a single "Plaintiff" party to this action.[2]

## ALLEGATION NO. 11:

Defendants managed Plaintiffs' work, including the amount of hours worked, in its restaurants. The Defendants directed, controlled and ratified the wage and hour and all related employee compensation policies.

## ANSWER:

Defendant, KDW Western, LLC managed the Plaintiff's work, including the amount of hours worked, in its restaurant. Defendant, KDW Western, LLC directed, controlled and ratified the wage and hour and all related employee compensation policies. Defendants Winbush Management, Inc. and Darrell Winbush, improperly named in the Complaint as Darryl Winbush, deny that either Defendant managed Plaintiffs' work, including the amount of hours worked, in KDW Western, LLC's restaurant. Defendants Winbush Management, Inc. and Darrell Winbush, improperly named in the Complaint as Darryl Winbush, also deny that either Defendant directed, controlled and ratified the wage and hour and all related employee compensation policies.

---

[2] Defendants object to every reference to "Plaintiffs" in Plaintiff's Complaint on this basis, and deny any allegations that there are "Plaintiffs" party to this lawsuit.

**ALLEGATION NO. 12:**

Pursuant to its policies and practices, Defendants misclassified its Managers/General Managers as exempt under the FLSA and paid them a weekly rate that failed to meet the minimum guaranteed salary amount required by the FLSA for an employee to properly be classified as exempt.

**ANSWER:**

Defendants deny the allegations of paragraph 12 of the Complaint.

**ALLEGATION NO. 13:**

Plaintiffs were typically scheduled by the Defendant to work approximately 40 hours per week, but regularly worked additional hours, including overtime hours in excess of 40 hours per week.

**ANSWER:**

Defendants deny the allegations of paragraph 13 of the Complaint.

**ALLEGATION NO. 14:**

Defendants failed to accurately record actual hours worked by its General Managers as required by the FLSA, 29 C.F.R. §516.2(a)(7).

**ANSWER:**

Defendants deny the allegations of paragraph 14 of the Complaint.

**ALLEGATION NO. 15:**

Defendants also had a practice of making improper deductions from Plaintiffs' compensation. Defendants routinely deducted money from Plaintiffs' compensation to pay for uniforms, business expenses and for personal loans allegedly made by Defendants to Plaintiffs.

**ANSWER:**

Defendants deny the allegations of paragraph 15 of the Complaint.

**ALLEGATION NO. 16:**

Such deductions (a) were not required by law; (b) were not to Plaintiffs' benefits; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

**ANSWER:**

  Defendants deny the allegations of paragraph 16 of the Complaint.

**ALLEGATION NO. 17:**

  Defendants knew and were aware at all times that its Manager/GM's were misclassified as exempt and routinely worked more than their scheduled shifts and often times more than 40 hours per week.  Nonetheless, Defendants failed to property pay its Managers/GM's for overtime hours actually worked, in violation of the <u>Fair Labor Standards Act</u>, 29 U.S.S.  §§201*et seq.*  As a result of Defendants' unlawful practice, Plaintiffs and those similarly situated suffered a loss of wages.

**ANSWER:**

  Defendants deny the allegations of paragraph 17of the Complaint.

<u>**FLSA COLLECTIVE ACTION ALLEGATIONS**</u>

**ALLEGATION NO. 18:**

  Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

**ANSWER:**

  Defendants acknowledge that Plaintiff has attempted to bring this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b), but denies that such collective treatment is appropriate.  Defendants deny that Plaintiff is similarly situated to the proposed class.  Defendants further deny that Plaintiff, or anyone in the proposed class, is entitled to any of the forms of damages alleged in paragraph 18.

**ALLEGATION NO. 19:**

  The proposed collective class of similarly situated persons is defined as:

    All current and/or former "Manager/General Managers" or other similarly titled employees employed by Defendants at one or more of their McDonald's restaurants during the Violation Period.

7

**ANSWER:**

        Defendants acknowledge that Plaintiff attempts to propose a collective action as defined in paragraph 19, but denies that such collective treatment is appropriate.

**ALLEGATION NO. 20:**

        This action is properly maintained as a collective action because the named Plaintiff is similarly situated in the members of the collective class with respect to job title, job description, job duties, and the wage and hour violations alleged in this Complaint amongst other things.

**ANSWER:**

        Defendants deny the allegations of paragraph 20 of the Complaint.

**ALLEGATION NO. 2l:**

        Defendants encouraged, suffered and permitted named Plaintiff and the collective class to work more than forth (40) hours per week without overtime compensation.

**ANSWER:**

        Defendants deny the allegations of paragraph 21 of the Complaint.

**ALLEGATION NO. 22:**

        Defendants knew that named Plaintiff and the collective class performed work that required overtime compensation.  Nevertheless, Defendants operated under a scheme, as described above to deprive named Plaintiff and the collective class of overtime compensation.

**ANSWER:**

        Defendants deny the allegations of paragraph 22 of the Complaint.

**ALLEGATION NO. 23:**

        Defendants' conduct, as alleged herein, was willful and has caused significant damage to named Plaintiff and the collective class.

**ANSWER:**

        Defendants deny the allegations of paragraph 23 of the Complaint.

**ALLEGATION NO. 24:**

Defendants are liable under the FLSA for failing to properly compensate named Plaintiff and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

**ANSWER:**

The allegation in the first sentence of paragraph 24 sets forth a legal conclusion to which no response is required. Defendants acknowledge that Plaintiff has requested the Court authorize notice to members of the proposed class, but denies that collective treatment or notice are appropriate. Defendants further deny that Plaintiff, or anyone in the proposed class, are entitled to any of the forms of relief identified in paragraph 24.

**ALLEGATION NO. 25:**

Plaintiffs estimate that there are approximately 15-20 members of the collective class. The precise number of collective class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' restaurants.

**ANSWER:**

Defendants deny the allegations of paragraph 25 of the Complaint.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**ALLEGATION NO. 26:**

Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**

Answering paragraph 26 of the Complaint, Defendants incorporate the answers to paragraphs 1 to 25 of the Complaint as if fully set forth as its answers herein.

**ALLEGATION NO. 27:**

Named Plaintiff and other Managers/General Managers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

**ANSWER:**

Defendants deny the allegations of paragraph 27 of the Complaint.

**ALLEGATION NO. 28:**

Section 207(a)(1) of the FLSA states that an employee must be paid overtime equal to at least 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

**ANSWER:**

The allegations of paragraph 28 set forth a legal conclusion to which no response

is required.

**ALLEGATION NO. 29:**

Named Plaintiff and other Managers/GM's regularly worked more than forty hours each week but were not paid overtime wages in violation of the FLSA.

**ANSWER:**

Defendants deny the allegations of paragraph 29 of the Complaint.

**ALLEGATION NO. 30:**

Through its actions, policies and practices, Defendants violated the FLSA by regularly and repeatedly failing to compensate named Plaintiff and similarly situated individuals for all actual hours worked.

**ANSWER:**

Defendants deny the allegations of paragraph 30 of the Complaint.

**ALLEGATION NO. 31:**

Defendants also willfully failed to pay overtime pay and other benefits to named Plaintiff and other Managers/General Managers by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

**ANSWER:**

Defendants deny the allegations of paragraph 31 of the Complaint.

**ALLEGATION NO. 32:**

The foregoing actions of Defendants violated the FLSA.

**ANSWER:**

Defendants deny the allegations of paragraph 32 of the Complaint.

**ALLEGATION NO. 33:**

Defendants' actions were willful and not in good faith.

**ANSWER:**

Defendants deny the allegations of paragraph 33 of the Complaint.

**ALLEGATION NO. 34:**

As a direct and proximate cause of Defendants' unlawful conduct. Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

**ANSWER:**

Defendants deny the allegations of paragraph 34 of the Complaint.

**ALLEGATION NO. 35:**

Defendants are liable to Plaintiffs and other members of the collective class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

**ANSWER:**

Defendants deny the allegations of paragraph 35 of the Complaint.

**ALLEGATION NO. 36:**

Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing as violation of the FLSA and other appropriate class-wide injunctive relief.

**ANSWER:**

Defendants deny the allegations of paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendants allege as follows:

## FIRST DEFENSE

1.  Plaintiff's claims are barred to the extent that Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

2.  Plaintiff's claims are barred to the extent that Plaintiff has failed to plead a prima facie case arising under the FLSA.

## THIRD DEFENSE

3.  Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## FOURTH DEFENSE

4.  Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim, are barred to the extent that Plaintiff seeks to assert claims on behalf of any employees who are exempt from the FLSA.

## FIFTH DEFENSE

5.  Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred to the extent that Plaintiff seeks damages beyond the applicable limitations period.

**SIXTH DEFENSE**

6.  Plaintiff's claims are barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendant were willful under the FLSA.

**SEVENTH DEFENSE**

7.  Plaintiff's claims under the FLSA are barred to the extent that Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, submit false and inaccurate time records.

**EIGHTH DEFENSE**

8.  Any recovery by Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, should be limited to the extent that they have failed to mitigate any of the damages alleged in the Complaint.

**NINTH DEFENSE**

9.  Defendants deny that Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, are entitled to any requested relief according to the doctrine of unclean hands.

**TENTH DEFENSE**

10. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim, are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

**ELEVENTH DEFENSE**

11. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that he and any other person on whose behalf Plaintiff seeks to assert a claim have not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA or any other applicable law or regulation.

## TWELFTH DEFENSE

12. Plaintiff's claims are barred to the extent that Plaintiff seeks to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA with respect to matters alleged in the Complaint.

## THIRTEENTH DEFENSE

13. Plaintiff lacks standing to bring the proposed collective action under the FLSA.

## FOURTEENTH DEFENSE

14. Plaintiff's claims under the FLSA are barred to the extent Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, have been paid all wages due under the FLSA.

## FIFTEENTH DEFENSE

15. Plaintiff's claims under the FLSA for overtime are barred to the extent that Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, worked less than 40 hours per week, but received payments in excess of what he or she would have been paid had he or she worked 40 hours per week at minimum wage.

## SIXTEENTH DEFENSE

16. Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

## SEVENTEENTH DEFENSE

17. The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

## EIGHTEENTH DEFENSE

18. Plaintiff cannot maintain this action as a collective action to the extent that Defendants did not maintain common, uniform policies practices applicable to the proposed class.

## NINETEENTH DEFENSE

19. Plaintiff's claims are barred to the extent that Plaintiff or any potential opt-in Plaintiffs, did not work for some or all of the Defendants.

## TWENTIETH DEFENSE

20. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## CONCLUSION

WHEREFORE, Defendants deny that Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, are entitled to any relief whatsoever under the allegations set forth in the Complaint.  Defendant requests that the Court dismiss the claims with prejudice in their entirety and that Defendant be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

DATED:      May 22, 2008              KDW WESTERN LLC, WINBUSH
                                      MANAGEMENT INC. and DARRYL
                                      WINBUSH


                                      s/ Jody W. Moran_____
                                      Jody W. Moran

Jody W. Moran - 6183236
Andrea D. Somerville [3] - 6293836
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel: (312) 787-4949

_____

[3] Federal Application Pending

15

## <u>CERTIFICATE OF SEVICE</u>

The undersigned, an attorney, certifies that, on this 22nd day of May, 2008, she electronically filed the foregoing Defendants' Answer and Affirmative Defenses to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record registered to receive notice through the CM/ECF system, including plaintiff's counsel:

Stephan Zouras
Stephan Zouras, LLP
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601

Law Offices of Josh Friedman
120 South State Street
Suite 200
Chicago, Illinois 60603

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601

s/ Jody W. Moran
Jody W. Moran